11-906-cr
United States v. Morales

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT: ROBERT D. SACK,
             REENA RAGGI,
             CHRISTOPHER F. DRONEY,
               *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
          *Appellee*,

      v.                                 No. 11-906-cr

JOSEPH DAVID MORALES, a.k.a. JoDamo, a.k.a. Primo,
          *Defendant-Appellant*,

ROBERTO KNIGHT, ELVIN SOTO, HECTOR RODRIGUEZ, a.k.a. El Cerdo, JOE DANIEL GREEN, a.k.a. Troo, SANTIAGO ZABALA,
          *Defendants.*[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    PETER J. TOMAO, Esq., Garden City, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEE:            AVI WEITZMAN (Jessica Ortiz, Jesse M.
                                   Furman, *on the brief*), Assistant United States
                                   Attorneys, *for* Preet Bharara, United States
                                   Attorney for the Southern District of New York,
                                   New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Richard J. Holwell, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on March 3, 2011, is AFFIRMED.

Joseph David Morales challenges his conviction after trial on one count of conspiracy

to alter motor vehicle identification numbers ("VINs"), transport and export vehicles with

altered VINs, and transport and export stolen vehicles, see 18 U.S.C. §§ 371, 511, 553(a),

2312, 2321; and one count of trafficking in vehicles knowing their VINs had been altered,

see id. §§ 2, 2321, arguing that the evidence was insufficient to permit the jury to convict him

of either count, and that the district court's evidentiary rulings denied him a fair trial. We

assume the parties' familiarity with the facts and record of prior proceedings, which we

reference only as necessary to explain our decision to affirm.

1.      Sufficiency of the Evidence

Morales argues that the evidence at trial was insufficient to permit any reasonable jury

to find that he knew that his alleged co-conspirators were altering VINs. We review de novo

the sufficiency of the evidence to support conviction, but in doing so, we must consider the

evidence in the light most favorable to the prosecution and uphold the conviction so long as

any reasonable jury could have returned the challenged verdict on that evidence. See United

States v. O'Connor, 650 F.3d 839, 855 (2d Cir. 2011). Morales's argument warrants little discussion inasmuch as a cooperating witness, Hector Rodriguez, testified to being present while Morales watched a third co-conspirator physically alter the VIN on a stolen vehicle that Morales subsequently purchased. See United States v. Diaz, 176 F.3d 52, 92 (2d Cir. 1999) (noting that testimony of even a single accomplice may be sufficient to sustain a conviction on sufficiency review). Although Morales argues in conclusory fashion that Rodriguez's testimony was contradictory and unworthy of belief, on sufficiency review we assume that a jury resolved this credibility question in favor of the prosecution. See United States v. Abu-Jihaad, 630 F.3d 102, 134 (2d Cir. 2010). Accordingly, we reject the sufficiency challenge as meritless.

2.     Evidentiary Rulings

We review Morales's evidentiary challenges only for abuse of discretion, and we identify none here. See United States v. Simels, 654 F.3d 161, 168 (2d Cir. 2011); United States v. Crowley, 318 F.3d 401, 417 (2d Cir. 2003).

A.     Dual Testimony

Morales contends that the district court erred in permitting the government's case agent, Detective Daniel Fox, to testify as both an expert and a fact witness. Because "[t]he admission of expert testimony is committed to the broad discretion of the District Court," our review of such decisions is highly deferential, and we will not disturb that decision unless it is "manifestly erroneous." United States v. Wexler, 522 F.3d 194, 204 (2d Cir. 2008) (internal quotation marks omitted). Moreover, because Morales indicated to the district court

3

before trial that he had "no objection to Detective Daniel Fox being called to testify as both a fact and an expert witness," Defense Mot. In Limine, Apr. 28, 2010, J.A. at 36, and objected at trial only to the foundation for Detective Fox's expertise, see Trial Tr. at 3:1–9; 52:9–11, the scope of our review is limited further still to plain error, see United States v. Burden, 600 F.3d 204, 223 (2d Cir. 2010).

The district court did not plainly err in permitting Detective Fox to testify as an expert. We have previously allowed law enforcement officers to testify as experts, while cautioning that such testimony "should be carefully circumscribed to ensure that the expert does not usurp either the role of the judge in instructing on the law, or the role of the jury in applying the law to the facts before it." United States v. Mejia, 545 F.3d 179, 192 (2d Cir. 2008) (internal quotation marks omitted); see also United States v. Dukagjini, 326 F.3d 45, 56 (2d Cir. 2003) (declining "to prohibit categorically the use of case agents as experts" despite risk of juror confusion). Here, the district court guarded against the risk of juror confusion by limiting Detective Fox's expert testimony to issues beyond the knowledge of the average juror. Further, when Detective Fox began to offer testimony as to facts he learned during the course of his investigation, the district court specifically instructed the jury that he was no longer testifying as an expert. To the extent that, during the fact portion of his testimony, Detective Fox stated, without objection, that certain VINs he observed during the investigation had been altered, the receipt of such testimony, even if considered expert opinion, does not constitute plain error because Fox offered no "sweeping conclusions" about Morales's activities, but opined only on a discrete question within the scope of his expertise.

4

United States v. Dukagjini, 326 F.3d at 54 (internal quotation marks omitted).  This raised no concern that the detective had "stray[ed] from the scope of his expertise" in a way that would confuse jurors.  United States v. Cruz, 363 F.3d 187, 194 (2d Cir. 2004).  Further, insofar as defense counsel elicited Detective Fox's opinion as to whether Morales submitted fraudulent certificates of title during cross-examination, any error was invited and, therefore, not grounds for reversal.  See United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007).

B.      Limitations on Cross-Examination

Morales complains that the district court erred in precluding him from cross-examining Rodriguez about his violation of a court-issued order of protection, and about whether Rodriguez had lied to a court about such a violation.  See Fed. R. Evid. 608(b) (stating district court "may, on cross-examination," allow a party to inquire into "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness").

We identify no abuse of the district court's "broad discretion to determine the relevancy of evidence," United States v. Quinones, 511 F.3d at 311 (internal quotation marks omitted), and to "impose reasonable limits on . . . cross-examination," Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986), in its denial of Morales's request on Fed. R. Evid. 403 grounds.  First, when the government asserted that it had no reason to believe that Rodriguez had ever lied to a court about his involvement in domestic abuse, Morales failed to demonstrate a good faith basis to believe otherwise, permitting the district court to preclude that speculative inquiry as unfairly prejudicial.  See United States v. Figueroa, 548 F.3d 222,

5

227 (2d Cir. 2008) (noting that counsel must have "some good faith basis for questioning that alleges adverse facts" (internal quotation marks omitted)). Second, the probative value of Rodriguez's disobedience of a protective order in the absence of any evidence of lying was minimal and substantially outweighed by the risk of creating a confusing distraction from the central issues at trial. See United States v. Crowley, 318 F.3d at 417–18 (noting district court's broad discretion to assess proposed testimony's probative value regarding truthfulness and balance against prejudicial effect); accord United States v. Khalil, No. 05-0573-cr, 2005 WL 3117195, at *2 (2d Cir. Nov. 22, 2005) (affirming district court's preclusion of defendant from examining witness regarding misdemeanor arrest for violation of protective order as insufficiently probative of truthfulness under Fed. R. Evid. 403). Even if we were to conclude that such cross-examination was permissible, reversal would not be required because "the jury was already in possession of sufficient information to make a discriminating appraisal of [Rodriguez's] possible motives for testifying falsely in favor of the government," specifically, the possibility that Rodriguez would receive reduced punishment in exchange for his cooperation. United States v. Stewart, 433 F.3d 273, 313 (2d Cir. 2006) (internal quotation marks omitted). This information, in conjunction with the cross-examination about Rodriguez's past arrests and convictions and his role in the conspiracy, provided the jury with a "plethora of impeachment material" with which to evaluate Rodriguez's credibility. Id. Therefore, the district court did not abuse its discretion in limiting his cross-examination.

6

3.      Conclusion

We have considered Morales's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court